UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-75-PEP

ANDY EPLIN,                                                                                              PLAINTIFF,

V.        **MEMORANDUM OPINION
             AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                      DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Andy Eplin, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability and disability insurance benefits.  This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for a period of disability and disability insurance benefits on June 30, 2003.[1] (Tr. 52-54.) The claim was denied initially and on reconsideration. (Tr. 31-33, 35-37.) At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge Andrew J. Chwalibog (hereinafter "ALJ"), was conducted on June 7, 2004. (Tr. 251-273.) Plaintiff, accompanied by his attorney, testified at the hearing. (Id.) Also testifying was vocational expert Melissa Glannon (hereinafter "VE"). (Id.) On July 27, 2004, the ALJ issued an adverse administrative decision. (Tr. 11-21.) The ALJ found that Plaintiff was not disabled and therefore did not qualify for a period of disability or disability insurance benefits. (Id.) The Appeals Council declined to review the ALJ's decision (Tr. 4-6) and Plaintiff now seeks judicial review.

Plaintiff was forty-four years old at the time of the administrative decision. (Tr. 15.) Plaintiff completed high school and attended college for two years. (Tr. 15, 64, 257.) Plaintiff's past work experience consists of employment as a butcher, truck driver, and plumber's assistant. (Tr. 15, 60, 70, 141-142.) At the outset, the ALJ found that Plaintiff met the disability insured status requirement for a period of

---

[1] Plaintiff also filed an application for supplemental security income that was summarily denied because of excess resources. (Tr. 14.)

disability and disability insurance benefits under the Social Security Act, see generally 20 C.F.R. §§ 404.130-404.132, and was insured for benefits through July 27, 2004. (Tr. 20.) At the first step of the sequential evaluation process, see generally 20 C.F.R. § 404.1520, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since November 8, 2002, the alleged onset date of disability. (Tr. 20.) At the second step, the ALJ found that Plaintiff's shoulder injury was severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521. (Tr. 20.) However, the ALJ determined that Plaintiff's back pain, neck pain, depression, and anxiety were non-severe. (Tr. 15.) At the third step, the ALJ found that Plaintiff's medically determinable impairment did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 20.) At the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work, see 20 C.F.R. § 404.1565(a). (Tr. 20.)

At the fifth and final step, relying on the testimony of the VE and taking into consideration the Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC")[2], the ALJ found that

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001). In the instant case, the ALJ assessed the following RFC:

Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.[3] (Tr. 19-21.) Accordingly, the ALJ found Plaintiff not to be disabled at step five of the sequential evaluation process. See 20 C.F.R. § 404.1520(g). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 14, 2005. (Tr. 4-6.) Plaintiff thereafter filed this action. By virtue of the parties' stipulations of consent (Record Nos. 3 and 7), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 11 and 12), which are now ripe for review.

---

> [Plaintiff] has the residual functional capacity to perform work activity at the light level of exertion. [Plaintiff] can stand and/or walk six hours in an eight-hour day. [Plaintiff] can sit six hours in an eight-hour day. [Plaintiff] can perform no overhead work with his right dominant upper extremities. [Plaintiff] can never climb ladder or rope. [Plaintiff] can only occasionally climb ramp and stairs. [Plaintiff] can perform no repetitive pushing and/or pulling with his right upper extremities.

(Tr. 20.)

[3] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that Plaintiff is capable of making an adjustment to work found in significant numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). In the instant case, at the light exertional level, the VE identified unskilled office clerk (approximately 150,000 jobs nationally and 8,000 jobs in the region of Kentucky, Ohio, and West Virginia) and unskilled counter clerk (95,000 nationally and 5,600 regionally) as jobs existing in significant numbers in the national economy that an individual of Plaintiff's age, educational background, past work experience, and assumed limitations could perform. At the sedentary exertional level, the VE identified unskilled order clerk (140,000 nationally and 9,100 regionally) and unskilled assembler (102,000 nationally and 9,300 regionally). (Tr. 271-272.)

III. ANALYSIS

A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's

decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B. Plaintiff's Contentions on Appeal and Analysis

Plaintiff's sole argument on appeal is that the ALJ improperly acted as his own medical expert. At step two of sequential evaluation process, the ALJ found that while Plaintiff suffered from a severe physical impairment caused by a shoulder injury, Plaintiff's mental impairments (depression and anxiety) were non-severe within the meaning of the Regulations, see 20 C.F.R. § 404.1521. (Tr. 15, 20.) With regard to Plaintiff's physical impairment, the ALJ concluded at step five of the sequential evaluation process that Plaintiff's impairment did not prevent him from making an adjustment to work found in significant numbers in the national economy. (Tr. 19-21.) Plaintiff's memorandum in support of his motion for summary judgment does not challenge the ALJ's finding at step five of the sequential evaluation process. Consequently, detecting no apparent reason to disturb this finding, the Court's

analysis shall focus on the ALJ's finding that Plaintiff's depression and anxiety were non-severe within the meaning of the Regulations.

The Regulations require that a claimant have a severe impairment or combination of impairments in order to qualify for benefits. 20 C.F.R. § 404.1520(c). A non-severe impairment is defined as an impairment that "does not significantly limit [a claimant's] physical or mental ability to do basis work activities." 20 C.F.R. § 404.1521(a). Although the final responsibility of deciding issues of disability rests with the ALJ, 20 C.F.R. § 404.1527(e)(1)-(2), a finding that a particular mental impairment is non-severe must be supported by substantial evidence. See Conn v. Sec'y of Health & Human Servs., 1993 U.S. App. LEXIS 4662 at *3 (6th Cir. Mar. 4, 1993).

In the instant case, the ALJ supported his finding that Plaintiff's mental impairments were non-severe with substantial evidence in the record. Examples of mental abilities and aptitudes necessary to perform basis work activities are: (1) understanding, remembering, and executing simple instructions; (2) exercise of judgment; (3) responding appropriately to supervisors, co-workers, and usual work situations; and (4) dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). Plaintiff was diagnosed with a generalized anxiety disorder at Mountain Comprehensive Care Center. (Tr. 248.) However, this diagnosis reveals little as to

Plaintiff's abilities and aptitudes to perform basic work activities.

In support of his finding that Plaintiff's mental impairments were non-severe, the ALJ pointed to a mental status exam performed as part of the psychological assessment at Mountain Comprehensive Care Center. (Tr. 15-16.) The mental status exam report revealed that Plaintiff appeared alert, attentive, and focused. The report also indicated that Plaintiff's judgment and insight were sound as he understood the consequences of his behavior and the nature of problems. In addition, the report indicated that Plaintiff's recent and remote memory were intact, his speech and thought were clear, and his estimated intelligence was average. (Tr. 248.) Although Plaintiff was diagnosed with a generalized anxiety disorder, the results of the mental status exam suggest that Plaintiff abilities and aptitudes to perform basis work activities were not significantly affected.

In further support of his finding that Plaintiff's mental impairments were non-severe, the ALJ pointed to a psychiatric review completed by Dr. Ilze A. Sillers, a State agency medical consultant.[4] (Tr. 15-16.) Dr. Sillers opined that there was no

---

[4] The Regulations provide that because State agency medical and psychological consultants are highly qualified and possess social security expertise, the ALJ must consider their findings as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(i); see also SSR No. 96-6p, 1996 SSR LEXIS 3 (Soc. Sec. Admin. 1996).

evidence of a medically determinable mental impairment.[5] (Tr. 214-228.) Additionally, the ALJ noted that Plaintiff testified that he was never examined by a psychiatrist and that his treatment involved only two visits with a counselor.[6] (Tr. 15, 263.) It should also be noted that the record is devoid of any other evidence of mental impairments and that the burden of furnishing a complete record rested with Plaintiff, not the ALJ. See 20 C.F.R. § 404.1512(c); see also Brown v. Sec'y of Health & Human Servs., 1990 U.S. App. LEXIS 14725 at *10 (6th Cir. Aug. 22, 1990).

Plaintiff submits the case of Green v. Apfel, 204 F.3d 780 (7th Cir. 2000), in support of his argument that the ALJ erred by acting as his own medical expert. Besides being merely persuasive authority, Green is also distinguishable.[7] In Green, the Seventh Circuit reversed the ALJ's decision and remanded with instructions that a physician examine the claimant or his records to determine whether a disability

---

[5] Due to the psychological assessment at Mountain Comprehensive Care Center and Plaintiff's testimony, the ALJ did not fully adopt Dr. Sillers' opinion and granted Plaintiff the benefit of doubt by finding a medically determinable mental impairment due to depression and anxiety. (Tr. 16.)

[6] A claimant's testimony may be less credible if the level or frequency of treatment is inconsistent with the level of complaints. SSR No. 96-7p, 1996 SSR LEXIS 4, *21 (Soc. Sec. Admin. 1996).

[7] It should also be noted that the Seventh Circuit provides a more stringent standard of review than the Sixth Circuit. The Seventh Circuit requires that the ALJ build an accurate bridge from the evidence to her conclusion as to enable a reviewing court to trace the path of her reasoning. Hickman v. Apfel, 187 F.3d 683, 689 (7th Cir. 1999); Groves v. Apfel, 148 F.3d 809, 811 (7th Cir. 1998). The Sixth Circuit has not adopted this more exacting version of the substantial evidence standard.

existed. Id. at 782. The Court noted that the ALJ rejected the claimant's complaints of pain and failed to consider the aggregate effect of the claimant's ailments. Id. at 781-82. The Court concluded that the ALJ failed to build a bridge from the evidence to his conclusions because his analysis did not provide a rational basis for the denial of benefits. Id. at 781.

In contrast, it cannot be alleged here that the ALJ failed to provide a rational basis for the finding that Plaintiff's mental impairments were non-severe. The ALJ pointed to the mental status exam, Dr. Sillers' psychiatric review, and Plaintiff's testimony to support the finding that Plaintiff's mental impairments did not significantly limit his ability to perform basic work activities. (Tr. 15-16.) Unlike the treatment described and disapproved by the Seventh Circuit in Green, in the instant case, the ALJ's consideration and treatment of the evidence was extensive in view of the paucity of evidence relating to Plaintiff's mental impairments. See Due v. Massanari, 2001 U.S. App. LEXIS 15908 at *14-15 (7th Cir. July 12, 2001) (distinguishing Green on similar grounds: "the ALJ here engaged in a detailed analysis of the evidence contained in the medical record to determine that [the claimant] did not suffer from any impairment or combination of impairments that prevented him from gainful employment").

The essential issue on appeal to this Court is whether the ALJ's decision finding

Plaintiff not disabled is supported by substantial evidence. Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69. The responsibility of weighing the evidence and resolving conflicts in the record lies with the ALJ. See Chandler v. Comm'r of Soc. Sec., 2005 U.S. App. LEXIS 3264 at *9 (6th Cir. Feb. 23, 2005); Acquaviva v. Sec'y of Health & Human Servs., 1983 U.S. App. LEXIS 12275 at *5 (6th Cir. Dec. 9, 1983); Mercer v. Matthews, 403 F. Supp. 1350, 1354 (E.D. Ky. 1975). Accordingly, this Court on appeal may not try the case *de novo*, resolve conflicts in the evidence, or decide issues of credibility. Bradley, 862 F.2d at 1228; Gaffney, 825 F.2d at 100. Thus, so long as the ALJ articulates his or her reasoning and the decision is supported by substantial evidence, this Court must affirm the ALJ's decision even if it disagrees with the outcome or reasoning of the decision. In the instant case, substantial evidence exists in the record to support the ALJ's finding that Plaintiff's mental impairments were non-severe. The fact that some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal. See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90.

## IV.  CONCLUSION

Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)   The Defendant Commissioner's motion for summary judgment (Record

No. 12) is hereby GRANTED.

(2) Plaintiff's motion for summary judgment (Record No. 11) is hereby DENIED.

(3) Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the court's docket.

Signed December 16, 2005.



Signed By:
Peggy E. Patterson  PEP
United States Magistrate Judge

Date of Entry and Service: